UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Polartec, LLC and MMI-IPCO, LLC**<br><br>　　　　　　　　**Plaintiffs,**<br><br>v.<br><br>**Kingwhale Industries, Inc. and Concept III Textiles, Inc.**<br><br>　　　　　　　　**Defendants.** | **Civil Action No. 1:10-cv-10387** |

### STIPULATED PROTECTIVE ORDER *as modified*

The parties, by and through their respective counsel, have stipulated to a protective order as set forth below. Based on the stipulation of counsel, it is hereby ORDERED:

1.　Each party shall designate as confidential or confidential attorney's eyes only (hereinafter referred to as confidential information) any document or other material or information discovered pursuant to the Federal Rules of Civil Procedure. The terms of the Order shall govern the procedures to be followed in making such designation, and the terms, conditions, and restrictions on the use of confidential information during this action both before and after trial and on appeal and thereafter except for the trial phase. The parties shall meet and confer regarding a procedure for the handling of confidential information at trial and set forth the agreed upon procedure in a written stipulation submitted to the Court prior to trial or, if the parties cannot agree upon the procedure, in an order of the Court.

a.　Information designated as confidential shall include material that the party or the party representative believes in good faith contains confidential information and requires confidential treatment under this Order.

1-STIPULATED PROTECTIVE ORDER

b.   Information designated as confidential attorneys eyes only shall include material the party or the party representative believes in good faith contains trade secret or other proprietary information that could potentially be used by a party to gain a competitive advantage, or that, if viewed by competitors or the public at large, may be detrimental to the party's business or potential business interests.

2.   For purposes of this Order, confidential information shall include, to the extent designated confidential in accordance with Paragraph 3, all or any of the following: (a) documents, interrogatory answers, deposition testimony, and other information or material produced to the parties to this litigation; (b) copies, extracts, reports, studies, complete or partial summaries, and other documents or materials made or prepared from confidential information; and (c) transcripts, briefs, memoranda, exhibits, and other pleadings or writings that include, summarize or otherwise disclose any confidential information.

3.   Counsel for any party may designate a deposition or other testimony as confidential or confidential attorneys eyes only at the deposition or within ten (10) business days after receipt of a transcript of such testimony by sending to counsel for each party a written list of the specific portions to which such status is claimed. All deposition testimony shall be treated as material designated confidential attorneys eyes only until the expiration of ten (10) business days after receipt of the transcript by counsel and, if the aforesaid written list is sent to counsel, shall thereafter be treated as designated in such list. If, during the course of a deposition, questions are are to be asked or answers are to be given regarding material designated confidential or confidential attorneys eyes only, outside counsel for any party may so designate the material, and then only persons entitled to access the material under the terms of this Order (including, if appropriate, the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition.

4.   To designate material as confidential information, the parties shall conspicuously place or cause to be placed upon such material the words confidential or confidential attorneys eyes only. Whenever only a portion of the document, transcript, or other material is deemed confidential

2-STIPULATED PROTECTIVE ORDER

information, the parties shall, to the extent reasonably practicable, limit the designation to such portion of the material. However, if it is not reasonably practicable to so limit the designation, the entire document, transcript or other material may be designated as confidential information. With respect to any confidential information, such as deposition transcripts, that are not produced under the control of the parties, the parties shall cooperate to assure that all copies of such materials shall bear the words confidential or confidential attorneys eyes only to the extent requested by the party.

5. The confidential information shall not be disclosed or transmitted to any other person except (a) as provided in Paragraphs 5 and 6 below; (b) upon order of the Court; or (3) as stipulated in writing by the parties.

6. Except as hereinafter provided, confidential information designated as confidential and the contents of such information shall not be shown to, given to, discussed with, or otherwise disclosed to any person other than the following:

    a. Counsel of record for the parties including their office personnel;

    b. Expert witnesses retained by the parties or their attorneys;

    c. The parties to this action;

    d. The authors, addresses, recipients, or originators of confidential information; and

    e. The Court, provided that any party that intends to file a document with the Court that contains confidential information will first notify the other parties and will use its best efforts to have the document containing confidential information filed under seal.

7. Except as herein provided, confidential information designated as confidential attorneys eyes only shall not be shown to, given to, discussed with, or otherwise disclosed to any person other than the following:

    a. Counsel of record of the parties including their office personnel; and

3-STIPULATED PROTECTIVE ORDER

      b.     Expert witnesses and consultants retained by the parties and their respective counsel, provided that each expert witness and consultant executes the document attached as Exhibit A.

8.    Nothing in this Order shall be construed to prevent counsel from advising their respective clients in any way relating to this Litigation, provided that counsel does not disclose to its client thereby the substance of any information designated by the other party as confidential or confidential attorneys eyes only inconsistent with the terms of this Order.

9.    If the other party or its attorney desires to disclose the information designated as confidential or confidential attorneys eyes only to any other person or entity in a manner which is not provided for herein, they must first obtain written permission from counsel for the party claiming confidentiality or the Court.

10.    The confidential information shall be used by the other parties for the purposes of this litigation only and shall not be used for any other purpose.

11.    The placing of any confidentiality designation, including information designated as confidential or confidential attorneys eyes only or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

12.    Documents produced by a party containing confidential information shall be destroyed within sixty (60) days after termination of this suit unless an alternative disposition is ordered by the Court or agreed upon by the parties. Each law firm that has provided confidential material of another party to a consultant or party representative shall promptly request the destruction of all such material. Each law firm representing a party or a deponent may keep and not destroy one copy of all court pleadings and briefs containing confidential material and copies of documents incorporating or referring to confidential material which are inextricably intermingled with the work product of that party's counsel. All such documents retained by counsel shall remain subject to the terms of this Order.

4-STIPULATED PROTECTIVE ORDER

13. A party who disagrees with a designation of confidentiality shall provide written notice to the producing party and the parties should attempt to dispose of the dispute on a good faith basis. If the dispute cannot be resolved, then the party challenging the designation may request appropriate relief from the court.

14. The inadvertent or mistaken disclosure of any confidential material by a producing party, without the designation required by Paragraph 3 above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the receiving party promptly after the producing party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the producing party shall provide properly marked documents to each party whom the confidential material was produced without proper designation; and, upon receipt of these properly marked documents, the receiving party shall destroy the improperly marked documents that were initially produced, along with any copies or duplicates thereof. The designation of materials as being confidential shall not be admissible in any proceeding as evidence that the material in fact contained confidential information.

15. If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be destroyed. The receiving party shall destroy the document or thing. Destruction of the document or thing by the receiving party shall not constitute an admission or concession, or permit any inference, that the destroyed document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by inadvertent production.

16. If either party seeks discovery from a third party, that third party shall be entitled to all of the benefits that a producing party has under the terms of this Order.

5-STIPULATED PROTECTIVE ORDER

17.     The terms of this Order shall survive and remain in full force and effect after the termination of this litigation.

18.     Each person to whom confidential information is provided shall be given a copy of this order and shall sign a document in the form of Exhibit A hereto agreeing to its terms before the information is disclosed or documents are produced.

IT IS SO ORDERED THIS 20TH day of July, 2010.

19. Nothing shall be filed in court pursuant to the terms of this order.

*William A. Young*
U.S. DISTRICT COURT JUDGE

**IT IS HEREBY STIPULATED:**

| | |
|---|---|
| Dated: July 19, 2010 | Dated: July 19, 2010 |
| /s/ Leonard D. DuBoff | /s/ Matthew S. Barrett |
| Leonard D. DuBoff *(pro hac vice)* | Michael H. Bunis (BBO # 566839) |
| lduboff@dubofflaw.com | mbunis@choate.com |
| Bert P. Krages II *(pro hac vice)* | Matthew S. Barrett (BBO # 673882) |
| krages@onemain.com | mbarrett@choate.com |
| Of Attorneys for Defendants | Of Attorneys for Plaintiffs |

6-STIPULATED PROTECTIVE ORDER